[No. 7175.  Decided September 15, 1908.]

THE CITY OF SEATTLE, *Respondent*, v. D. W. FELT *et al.*, *Appellants*.[1]

MUNICIPAL CORPORATIONS—ASSESSMENTS—APPEAL—REVIEW. An assessment by a commission of the benefits to property by reason of a local improvement will not be set aside as excessive upon conflicting evidence unless the evidence clearly preponderates against its correctness.

Appeal from a judgment of the superior court for King county, Griffin, J., entered July 20, 1907, confirming an assessment for local improvements, upon overruling objections thereto. Affirmed.

*Byers & Byers*, for appellants.

*Scott Calhoun* and *O. B. Thorgrimson*, for respondent.

PER CURIAM.—The city of Seattle by ordinance provided for the widening of Crescent Drive and East Galer streets, in the Interlaken addition to that city, between 20th Avenue North and 22nd Avenue North, at the cost of the property benefited. Crescent Drive and East Galer streets are parallel streets, and between them and extending into them thirty feet is an unplatted tract owned by D. W. and Eunice E. Felt and

[1]Reported in 97 Pac. 226.

Ovid A. Byers. The improvement of the streets as ordered required the appropriation of these thirty-foot strips. Condemnation proceedings were accordingly begun, which resulted in an award to the owners of the property for the land taken of $5,000. A commission was thereupon appointed to make an assessment of the property benefited to pay these awards, and an assessment roll was made out and returned into court in which the remaining property of the owners named was assessed at $2,000. Objection to the assessment was made on the ground that the objector's property was assessed to an amount exceeding the benefits conferred and for an undue proportion of the cost of the improvement. These objections were overruled by the trial court and the assessment confirmed. This appeal was taken therefrom.

But one question is presented by the record, namely, was the objectors property assessed for an undue proportion of the cost of the improvement. The evidence on this question was conflicting, and while we feel it would have sustained a different conclusion on the part of the trial judge, we do not feel that it so far preponderates in favor of the objectors as to require a reversal of the order. As we have said under similar circumstances, the question how much a given tract of land is benefited or damaged by a street improvement is largely a matter of opinion on which men competent to judge of the matter will disagree, and that it is not, therefore, difficult to find witnesses who will testify that the assessment roll as returned by the commission is unjust. But it must be remembered that the roll is made up by men who have given the conditions special study, and who must be therefore much better informed as to the conditions surrounding the particular assessment than is one who has only a knowledge of the general conditions. Evidence to defeat the return, therefore, should clearly preponderate against its correctness. We have examined the record with care in the case before us, and do not find that it meets this condition.

The judgment will be affirmed.