[No. 8408.   Department One.   November 5, 1909.]

*In re* Third, Fourth and Fifth Avenues, Seattle.[1]

Appeal—Review—Findings—Municipal Corporations — Assessments. Findings on conflicting evidence as to the extent of the district and the benefits from a local improvement assessment, will not be disturbed unless the evidence so clearly preponderates as to show abuse of discretion, and an arbitrary or manifestly oppressive judgment.

Municipal Corporations—Assessments—Reasonableness. The amount of previous assessment is immaterial on the question of the reasonableness of an assessment.

Same—Reassessments—Interest. Upon a reassessment, interest on the amount of the condemnation awards is properly added.

Appeal from an order of the superior court for King county, Frater, J., entered April 19, 1909, confirming an assessment roll, after a hearing before the court without a jury.   Affirmed.

*Charles A. Riddle*, for appellants.
*Scott Calhoun*, for respondent.

Morris, J.—This cause was once before this court, and the primary facts and the ruling of the court thereon may be found in 49 Wash. 109, 94 Pac. 1075, 95 Pac. 862.   Upon the cause being remanded as directed by this court, the city filed a supplemental petition, and an order was entered thereon directing the eminent domain commissioners to prepare a new assessment roll, to cover the awards of damage, with accruing interest and costs.   Upon the filing of the new assessment roll, many objections were made thereto, and upon a hearing of these objections, the court below entered an order confirming the new roll, and this appeal is taken by the objectors Stirrat & Goetz Investment Company and Moore Building Company.

The objections are to the effect that the lands of these

[1]Reported in 104 Pac. 799.

objectors are not benefited; that the assessment was made arbitrarily, unreasonably, and under mistake of material fact; that a large amount of property has been specially benefited by this improvement which has not been included in the assessment roll; that the property of objectors did not abut upon any of the streets included in the improvement, and that during the past six years said property has been assessed for various public improvements in an aggregate of $29,000.64. The appeal presents no new question. We have decided so frequently that it ought to be regarded as settled that where there is a conflict in the testimony as to the proper extent and boundaries of the district within which property is specially benefited by any local improvement, or what should be the proper assessment upon a given lot, this court will not disturb the findings of the lower court unless the evidence is so clearly predominating as to indicate that the trial court has lost sight of its judicial discretion in determining its judgment, and its judgment is arbitrary and manifestly oppressive. No other rule could or ought to obtain. *Seattle v. Felt*, 50 Wash. 323, 97 Pac. 226; *In re Seattle*, 50 Wash. 402, 97 Pac. 444. We find nothing in this record to justify us in concluding that this case calls for the announcement of any other or further rule.

It was immaterial that the lot in question had been assessed in a large amount for other improvements. The only question to be determined was, could it be, and was it properly, assessable as receiving a special benefit from this improvement. Upon the question of interest being added to the condemnation awards, we have heretofore held that such awards bear interest. *State ex rel. Donofrio v. Humes*, 34 Wash. 347, 75 Pac. 348.

The order of the lower court in confirming the assessment roll is affirmed.

RUDKIN C. J., CHADWICK, FULLERTON, and GOSE JJ., concur.