[No. 10916. Department One. April 4, 1913.]

THE CITY OF SPOKANE, *Respondent*, v. FRANK T. MILES *et al.*, *Appellants.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENTS—REVIEW BY COURTS. An assessment district fixed by commissioners will not be changed by the courts unless the commissioners acted arbitrarily or fraudulently, or upon a fundamentally wrong basis; and not for a mere difference of opinion as to what were the proper limits.

SAME—ASSESSMENT—APPORTIONMENT. A city need not be charged with part of the cost of a local improvement, where there was no evidence that any special benefit accrued to the city at large.

SAME—PROCEEDINGS—ORDINANCE—VARIANCE. It is not a material variance that an ordinance directed a local improvement to be paid wholly or in part by a special assessment upon property benefited, and the judgment recited that the ordinance required the same to be paid for in whole by such assessment, where the board of eminent domain commissioners found that no part of the cost should be borne by the city.

[1] Reported in 131 Pac. 206.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered August 13, 1912, confirming on appeal an assessment roll.    Affirmed.

*McCarthy & Edge* and *Hance H. Cleland*, for appellants. *H. M. Stephens* and *Bruce Blake*, for respondent.

Gose, J.—This is an appeal by certain property owners from a judgment confirming an assessment roll.    The assessment was made for the purpose of paying damages awarded to the defendants Miles and wife, caused by a change of grade of Main avenue between the west line of Lincoln street and a point twenty-five feet east of the east line of Wright street, in the city of Spokane.    The assessment roll is assailed upon two grounds: (1) It is said that the commission did not include all property benefited by the improvement, and (2) that a part of the cost of the improvement should have been assessed to the city.

In support of the first contention, the objectors introduced four witnesses, each of whom expressed the opinion that a greater area should have been included in the assessment district.    Three of these witnesses said that the district contained only a small part of the property benefited.    One of them said that the district should have been extended west to the lower end of Peaceful Valley, or about four thousand feet west of the west line fixed by the commissioners.    While the other witnesses did not agree that the district should have been extended so far to the west, they were unanimous in the view that it should have extended east to Howard street, three blocks beyond the point fixed by the commissioners, and that it should have included certain property north of Main avenue immediately west of Monroe street.    Main avenue lies south of the Spokane river and runs east and west.    Prior to the regrade, it passed under the approach to Monroe street bridge, and travelers from the west desiring to cross the bridge to the north side of the river were required to go to Lincoln street one block east of Monroe street and loop back to the

latter street. Under the regrade Main avenue intersects Monroe street, at which point the river is spanned by a bridge which is the principal thoroughfare connecting the two parts of the city. The new grade west of Monroe street will be somewhat easier than the original grade. The city offered no evidence other than the report of the board of eminent domain commissioners. The statute (Rem. & Bal. Code, § 7795), makes this report competent evidence. Our statute (Rem. & Bal. Code, § 7788), provides that the superior court having jurisdiction shall appoint three "competent" persons as commissioners, upon the petition of any city of the class named in the act.

Assessment districts must have a point of beginning and a point of termination. The fixing of these extremes often presents many perplexing questions upon which there would be a never ending variety of opinion. It is, therefore, of the first importance that some definite rule be laid down for the guidance of trial courts. The best rule that has been announced, and the only practicable working rule, is that the courts should not change the district established by the commissioners, except where the commissioners have acted arbitrarily or fraudulently or have proceeded upon a fundamentally wrong basis. *Spokane v. Kraft*, 67 Wash. 245, 121 Pac. 830; *In re Seattle*, 50 Wash. 402, 97 Pac. 444; *In re Jackson Street*, 62 Wash. 432, 113 Pac. 1112; *In re Seattle*, 46 Wash. 63, 89 Pac. 156; *In re Harvard Avenue North*, 47 Wash. 535, 92 Pac. 410. Measured by this rule, the evidence is not sufficient to overcome the probative force of the report.

In respect to the second contention, the evidence does not show that any especial benefit accrued to the city at large in consequence of the improvement. "The city, like a private owner, can only be assessed for an improvement where it is especially benefited." *Spokane v. Curtiss*, 66 Wash. 555, 120 Pac. 70. To the same effect: *In re Fifth Avenue etc.*, 66 Wash. 327, 119 Pac. 852.

The ordinance (A-5956) directing the institution of a suit

to fix the damages flowing from the regrade, provides: "The cost and expense of said improvement shall be paid *wholly or in part* by special assessment upon the property benefited thereby." The order of reference to the board of eminent domain commissioners, after reciting that "it appearing to the court that ordinance No. A-5956, under which said suit was begun, and prosecuted provided that the improvement should be paid for *in whole* by special assessment on the property benefited thereby," directed the board "to levy an assessment upon the property benefited in. accordance with law." The board reported "that no part of the cost thereof [meaning the improvement] shall be borne by the city of Spokane, as the city of Spokane at large in our judgment has not received any benefit therefrom." It is argued that the variance between the order and the ordinance impairs the probative force of the report. The variance is more apparent than real, and is not of sufficient gravity to impair the force of the report, or to require a resubmission to the commissioners.

The judgment is affirmed.

CROW, C. J., MOUNT, PARKER, and CHADWICK, JJ., concur.