[No. 10972.  *En Banc.*  November 22, 1913.]

*In re* NINTH AVENUE WEST.

THE CITY OF SEATTLE, *Respondent*, v. ASA GATTON *et al.,*
*Appellants.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS — ASSESSMENTS — BENE-
FITS—APPORTIONMENT — REVIEW — EVIDENCE — SUFFICIENCY.  In con-
demnation proceedings to widen streets, by taking strips of land
thirty feet wide off each side of a tract of unplatted land, for which
the jury had awarded damages, an assessment of the tract at three
times the amount assessed like property directly across the streets,
will be set aside on appeal, as made upon a fundamentally wrong
basis, where it appears that the commissioners charged back upon
the tract the amount of the damages awarded by the jury, adding it
to the amount of benefits on the theory that the land on the oppo-
site side of the street had been platted and a street thirty feet wide
dedicated, and was therefore not benefited to the same extent as
the unplatted tract which had not given any part of the streets
(MAIN, MORRIS, and MOUNT, JJ., dissenting).

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered September 12, 1912, confirming
an assessment for a local improvement, upon appeal from
the eminent domain commissioners.  Reversed.

*Farrell, Kane & Stratton*, for appellants, cited: *People
v. Mayor of Brooklyn*, 4 N. Y. 419, 55 Am. Dec. 266; *Spo-
kane v. Kraft*, 67 Wash. 245, 121 Pac. 830; *In re Everett*,
61 Wash. 493, 112 Pac. 658.

*James E. Bradford* and *C. B. White*, for respondent, con-
tended, *inter alia*, that the decision of the eminent domain com-
missioners will not be disturbed because of differences of opin-
ion as to the amount of benefits.  *In re Westlake Avenue*, 40
Wash. 144, 82 Pac. 279; *In re Third, Fourth, and Fifth
Avenues*, 55 Wash. 519, 104 Pac. 799; *In re Jackson Street*,
62 Wash. 432, 113 Pac. 1112; *In re Fifth Avenue etc.*, 66
Wash. 327, 119 Pac. 852; *Spokane v. Curtiss*, 66 Wash. 555,

[1]Reported in 136 Pac. 488.

120 Pac. 70. The court cannot substitute its judgment as to the proper boundaries of the district or the amount of the benefits. *In re Seattle,* 50 Wash. 402, 97 Pac. 444; *In re Seattle,* 46 Wash. 63, 89 Pac. 156.

FULLERTON, J.—The city of Seattle by ordinance directed that Eighth avenue west and Ninth avenue west, with certain others of its streets, be widened, and condemnation proceedings were had to acquire the real property necessary to be taken for that purpose. The awards made by the jury for the property taken, added to the costs of the proceedings, aggregated $28,410.25. The appellants, Asa Gatton and Alice Gatton, his wife, owned a tract of land lying between Eighth avenue west and Ninth avenue west, having a frontage on each of these streets of 260 feet. In the widening of the streets, a strip of land approximately 30 feet in width was taken off each side of the tract, for which the jury awarded the appellants $4,209.50. The city had directed the improvement to be made at the expense of the property benefited, and the matter was referred to the eminent domain commission to make up an assessment roll. The commission returned a roll in which they assessed the appellants' property remaining at $5,000.70. Exceptions were taken to the roll by the appellants, and a hearing was afterwards had thereon, in which the assessment was confirmed in so far as it affected the appellants' property.

The assessment roll as returned into court showed that property directly across the street from the appellants' property, of practically the same area and apparently affected in the same way by the widening of the street, was assessed in the aggregate at less than one-third the amount that was assessed against the appellants' property. In explaining this difference, Commissioner Pardee is quoted as follows:

"Upon cross-examination Mr. Pardee testified that the eminent domain commission took into consideration the $4,209.50 awarded to Mr. Gatton for the portion of his land taken, in determining the amount that they assessed

against the remainder of his property; and also took into consideration the fact that Mr. Gatton's property had not given any part of the streets while the property opposite across 8th and 9th avenues west had already given thirty feet for street purposes.

"Witness Pardee stated that the eminent domain commission considered that a condemnation of this kind confers benefits upon the property in the same manner as the platting of property by the dedication of streets and that the improvement was a greater benefit to Mr. Gatton's property than the property on the opposite sides of 8th or 9th avenues west for the reason that the property opposite Mr. Gatton's property either on 8th avenue west or 9th avenue west faced upon a thirty foot street, the line of which conformed to the street lines to the south and that property could be considered as platted property with boundary line established. And the eminent domain commission did not consider this property benefited in the same amount as Mr. Gatton's property for the further reason that property was established as lots with definite street line which gave it a value, in the opinion of the commission, equal to Mr. Gatton's property remaining after the condemnation plus the value of the strip condemned, and as the properties were of equal value after the condemnation a simple rule of arithmetic would not permit an equal assessment upon the opposite side of the street from Mr. Gatton's property.

"And on further cross-examination the witness Pardee finally admitted that the eminent domain commission had charged back against the remainder of Gatton's property the amount of the condemnation award made for the portion of the property taken, and had then assessed the remainder for the full benefits in addition.

"But the witness explained his answer by stating that the result of the reasonings by which the board of eminent domain commissioners levied this assessment on Mr. Gatton's property, might, and in this case probably was somewhere near the same as though they had charged back to the property the amount of the condemnation award but that the commission did not reach its conclusion by doing so but by reason solely from the benefits which the commission believed accrued to the property remaining by reason of the improvement."

It is the contention of the appellants that the commission proceeded upon a fundamentally wrong basis in making the assessment upon their property, with the result that they have been asked to pay an undue proportion of the cost of the improvement, and a greater sum than their property was benefited thereby. We think the evidence quoted justifies this conclusion. It is evident that the opinion of the members of the eminent domain commission differed from that of the jury as to the amount of damages the appellants suffered because of the property taken for the street, and that they sought to correct the jury's mistake in the assessment roll by levying an undue proportion of the assessment upon their property. But the appellants had the right to have the value of their land taken assessed by a jury; and the jury's verdict, under such circumstances, after it has been confirmed by the judgment of the court, must be given full faith and credit.

It has been declared by us to be the policy of the courts not to disturb the findings of the commission unless it has acted arbitrarily, or fraudulently, or has proceeded in making the assessment upon a fundamentally wrong basis; *Spokane v. Miles*, 72 Wash. 571, 131 Pac. 206, and to this rule we adhere. But we think it was proceeding upon a fundamentally wrong basis when the commission "charged back against the remainder of Gatton's property the amount of the condemnation award made for the portion of the property taken, and then assessed the remainder for the full benefits in addition."

The evidence in the record is not sufficiently full to enable us to determine what would be a proper assessment, and we have no alternative other than to send the cause back for further proceedings. The order will be, therefore, that the judgment confirming the assessment roll, in so far as it affects the appellants' property, be reversed, and the cause remanded with instructions to again refer the matter of the assessment to the eminent domain commission with instruc-

tions to recast the assessment on the appellants' property so that the amount assessed against the same shall not exceed the benefits conferred and the due proportion the property should bear when compared with the assessments upon other property in the assessment district.

CROW, C. J., PARKER, and CHADWICK, JJ., concur.

ELLIS, J. (concurring)—I am not convinced that the assessment was made upon a fundamentally wrong basis, nor that the appellants' property was not benefited to a greater extent than the property on the opposite side of the street. The disparity, however, between the two amounts seems to me so great as to indicate arbitrary action. It is difficult to see from the evidence wherein the appellants' property was benefited in more than double the amount assessed against like property across the street. I therefore concur in the result.

GOSE, J. (concurring)—I think that the assessment was arbitrary, and that it was made "upon a fundamentally wrong basis." I concur upon both grounds.

MAIN, J. (dissenting)—This is an appeal from a judgment confirming an assessment roll. By ordinance approved November 29, 1909, the city council of the city of Seattle provided for the laying off, widening, extending, altering and establishing of Eighth and Ninth avenues west, and other streets, and directed that a condemnation proceeding be instituted for that purpose. The cost of the improvement was to be borne by the property benefited. The boundaries of the assessment district were to be fixed and the assessment roll prepared by the eminent domain commission.

The appellants, Asa Gatton and wife, owned a tract of unplatted land, situated between Eighth and Ninth avenues west, extending along these streets for a distance of approximately 264 feet. These avenues along this property were each 30 feet wide. The adjacent property, both to the east

and the west having been platted, and streets to that width dedicated. These avenues to the south of appellants' property were sixty feet wide. To the north, Eighth avenue west was 60 feet wide. Ninth avenue west, for a short distance was not opened, but further to the north was 60 feet in width. With the street lines where the streets were 60 feet wide, extended, the appellants' property would extend 30 feet into each of the avenues. By the condemnation proceeding, a thirty-foot strip on each side of appellants' property was taken. For this the jury returned a verdict for $4,209.50. Judgment was entered upon the verdict awarded to the appellants, as well as the other property taken necessary to open and extend the streets covered by the ordinance.

The matter was then referred to the eminent domain commission for the purpose of establishing boundaries of the assessment district and preparing the assessment roll. In due time the assessment roll was prepared. Whereupon the appellants entered written objections thereto. Hearing upon the assessment roll occurred in the superior court on May 2, 1912. On September 2, 1912, judgment was entered confirming the roll, except in some particulars not necessary here to mention. No reporter being present during the hearing upon the assessment roll, and the appellants after the entry of judgment desiring to appeal, prepared a bill of exceptions which, as amended, the trial court certified. According to the bill of exceptions, on the hearing upon the assessment roll, there was introduced in evidence a plat showing the property taken under the condemnation, the boundaries of the district, and the amount of the assessment which each tract of ground bore. There was also introduced in evidence the assessment roll. In support of the assessment roll, the city called two of the eminent domain commissioners as witnesses. They in substance testified: That the assessment roll was regularly prepared, and showed the amount of benefits to each piece of property within the district; that the natural outlet for the district to the business section of

the city is south along Ninth avenue west; that the total
cost of the improvement and the amount to be raised by the
assessment was the sum of $28,410.25; that the amount of
the awards for property taken was $24,421.33; that the
commission had before it when making the assessment roll
the amounts of the several awards made by the jury.

One of the commissioners further testified, that the west
30 feet of Ninth avenue west, and the east 30 feet of Eighth
avenue west, were open and in use for street purposes ad-
jacent to the appellants' property; that Ninth avenue west
was open and improved to the width of 60 feet south of ap-
pellants' property prior to the condemnation proceedings;
that the condemnation was not what is commonly known as
a widening of Eighth and Ninth avenues west, but was prop-
erly a laying off, opening and establishing of the west half
of Eighth avenue west, and the east half of Ninth avenue
west, along the appellants' tract, in conformity with the
street lines to the south; that the eminent domain commis-
sion believed that the values established by the awards of
the jury in the condemnation trial was a fair value and
was used by the eminent domain commission in determining
benefits; that the appellants' property, and the properties
to the east and to the west occupied relatively the same posi-
tion to the streets; that in the widening of Eighth and Ninth
avenues west, to correspond to the uniform width of other
streets, the abutting property had been specially benefited.

Upon cross-examination, this commissioner testified, that
the eminent domain commission had taken into consideration
the amount of the verdict awarded to the appellants in de-
termining the amount that should be assessed against the
remainder of the property; and also took into consideration
the fact that the appellants had not given any part of the
streets, while the property across Eighth and Ninth ave-
nues west had already given 30 feet for street purposes;
that the appellants' property fronting on Eighth and Ninth
avenues west, was accessible to and enjoyed the use of

abutting streets; that the eminent domain commission had determined that the benefits were greater on Ninth avenue west, than on Eighth avenue west, and had accordingly assessed one-half of the appellants' property fronting on Ninth avenue west higher than the portion fronting on Eighth avenue west; that the eminent domain commission considered that, in a condemnation of this kind, benefits are conferred upon property in the same manner as the platting of property by the dedication of streets; that the improvement was a greater benefit to the appellants' property than to the property on the opposite sides of Eighth and Ninth avenues west; that this property was not benefited in the same amount as was the appellants' property for the reason that the property was established as lots with definite street lines which gave it a value equal to the appellants' property remaining after the condemnation, plus the value of the strip condemned; that the properties, taking equal frontage and depth, were of equal value after the condemnation; and that as the properties were of equal value after the condemnation, a simple rule of arithmetic would not permit an equal assessment upon the property which was on the opposite side of the street from appellants' property.

This commissioner further testified, on cross-examination, that the eminent domain commission had charged back against the remainder of the appellants' property the amount of the condemnation award, and had then assessed the remainder for the full benefits in addition. This answer was explained by the witness by stating that the result of the reasoning by which the eminent domain commissioners levied this assessment might be, and in this case probably was, somewhere near the same as though they had charged back to the property the amount of the condemnation award, but that the commission did not reach its conclusion by doing so, but by reason solely of the benefits which the commission believed accrued to the property remaining by reason of the improvement.

The appellants, in support of their objections to the roll, produced three witnesses who testified substantially as follows: That the topography of the adjoining ground is practically the same on each side of Ninth avenue west, where it passes the appellants' property; and that the property on each side of the street bears the same relative position to the street; that the benefits by reason of the improvement were the same on each side of the street; that the assessment as made by the commission upon the appellants' property was excessive; that it should not have been higher in proportion than the assessments on the opposite side of the street; that the property in this district is residence property, and that on such property the benefits would be as great on a lot 40 feet by 100 feet as it would be on a lot 40 feet by 130 feet; that the assessment placed against the appellants' property was as much as the property itself was worth on the market.

From the assessment roll and the plat, which was introduced in evidence, it appears that the property of other owners similarly affected by the improvement as was the appellants' were assessed in like proportions. The property immediately to the east and to the west of the appellants' property and fronting upon Eighth and Ninth avenues west, was, taking the street frontage as a basis, assessed at less than one-half the assessment upon appellants' property. The question then is, whether the portion of the appellants' property which remained after the thirty-foot strip which extended into the streets had been taken was benefited in a greater amount than was the property adjacent both east and west.

By repeated decisions it has become the settled doctrine of this court that the assessment roll prepared by commissioners will not be disturbed unless the evidence shows mistake, fraud, arbitrary conduct, or that the assessment was made upon a fundamentally wrong basis. In *Spokane v. Miles*, 72 Wash. 571, 131 Pac. 206, it is said:

"The best rule that has been announced, and the only practicable working rule, is that the courts should not change the district established by the commissioners, except where the commissioners have acted arbitrarily or fraudulently or have proceeded upon a fundamentally wrong basis." Citing authorities.

In *Spokane v. Fonnell*, 75 Wash. 417, 135 Pac. 211, it is said:

"We have frequently held that the action of the commissioners in fixing the limits of the district and in determining what property is in fact benefited in apportioning the cost of the improvement, in the absence of fraud or action clearly arbitrary, will not be disturbed by the court; the commissioners being appointed for the very purpose of doing these things, their action is entitled to the same presumption which attends official action in other cases, and is conclusive in the absence of mistake, fraud or arbitrary discrimination amounting to an abuse of discretion." Citing authorities.

In the present case there is no claim either of mistake or fraud. The inquiry must therefore be directed as to whether or not the commissioners in assessing the appellants' property acted either arbitrarily or proceeded upon a fundamentally wrong basis.

Upon cross-examination one of the commissioners answered categorically that there had been charged against the remainder of the appellants' property the amount of the condemnation award. This answer, however, was immediately explained by the witness by stating that the result of the reasoning by which the eminent domain commissioners levied the assessment might be, and in this case probably was, somewhere near the same as though they had charged back to the property the amount of the condemnation award, but that the commission did not reach its conclusion by doing so, but solely by reason of the benefits which accrued to the property on account of the improvement. Considering only the answer of one witness to one question on cross-examination, it would show that the commission in making the as-

sessment had acted in an arbitrary manner. But giving effect to the entire testimony of the witness, as well as to the testimony of the other commissioner, it cannot be said that the assessment was made in such a manner.

Neither do we think the evidence sustains the contention that the assessment was made upon a fundamentally wrong basis. The property in question was located in one of the residence districts of the city. As it existed prior to the condemnation, it extended thirty feet beyond the street lines as they would be when extended. After the condemnation, the portion of the tract that remained extended from Eighth avenue to Ninth avenue and was capable of being platted into lots of the same depth as other property in the same community. There is no claim that these lots would not be of adequate depth for residence purposes. The commissioners testified that the property was benefited in the amount in which it was assessed. The witnesses for the appellant testified that it was not benefited greater than was the property opposite.

This presented a question of fact. It cannot be said, as a matter of law, that because properties on opposite sides of a street are not assessed in like amounts that it necessarily follows that the assessment was made upon a fundamentally wrong basis. We think the evidence fails to establish that the appellants' property had either been assessed for a greater amount than it is benefited, or that it was assessed proportionately higher, considering the benefits, than is other property within the district.

I therefore dissent from the views expressed in the majority opinion.

MORRIS and MOUNT, JJ., concur with MAIN, J.