[No. 11845.  Department One.  August 11, 1914.]

*In re* WEST BERTONA STREET.

SEATTLE SEMINARY, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENTS — BENE-FITS—REVIEW. The action of the board of eminent domain commissioners in assessing the benefits to property from a public improvement will not be reviewed in the absence of fraud or arbitrary action, or unless they proceeded upon a fundamentally wrong basis.

SAME — BENEFITS — EXCESSIVE ASSESSMENT — EVIDENCE — SUFFI-CIENCY. The evidence is sufficient to show arbitrary action on the part of eminent domain commissioners in assessing plaintiffs' land for the cost of a public improvement, where it appears that part of an unplatted tract used for school purposes was condemned for a street in order to give other property owners access to the principal thoroughfare, the appellants having access through their property, and that the property was assessed practically 40 per cent of the cost of the improvement, though not benefited for school purposes; and although benefited to some extent as real estate, before it could be sold for residence or business property, it would have to be platted and additional streets opened.

Appeal from a judgment of the superior court for King county, Humphries, J., entered February 26, 1913, confirming an assessment roll, on appeal from eminent domain commissioners. Reversed.

*Milo A. Root,* for appellant.

*James E. Bradford* and *W. D. Covington,* for respondent.

GOSE, J.—This is an appeal by the Seattle Seminary, a corporation, from a judgment confirming an assessment roll, returned by the board of eminent domain commissioners. The purpose of the assessment is to pay the costs and expenses incurred by the city in condemning, appropriating, and damaging private property, for laying off, extending, and establishing West Bertona street from Third avenue west to Fifth

[1]Reported in 142 Pac. 483.

avenue west, in the city of Seattle. The larger part of the property condemned was taken from the north end of the appellant's property. The appellant's property consists of an unplatted five-acre tract in Victory addition and a tier of coterminous lots lying between it and Third avenue west. It touches Third avenue for a distance of six hundred feet. The assessment district lies on the east face of Queen Anne hill, and we infer from the testimony that the property in the assessment district slopes from the northwest to the southeast. The purpose of extending West Bertona street was to make the property lying to the west and northwest of the projected street accessible to Third avenue west and Nickerson street. Third avenue west is the principal thoroughfare to that part of the city lying north of the canal. Nickerson street, which extends in a northwesterly and southeasterly direction, is the main artery of travel between that part of Queen Anne hill and the main part of the city.

It is contended that the benefits have not been equally distributed, and that the appellant's property has been assessed too high in comparison with other property which has received an equal or greater benefit. We have held that the courts will not change the district established by the commissioners or modify the assessment, except where the commissioners have acted "arbitrarily or fraudulently or have proceeded upon a fundamentally wrong basis." *Spokane v. Miles*, 72 Wash. 571, 131 Pac. 206; *Spokane v. Fonnell*, 75 Wash. 417, 135 Pac. 211; *In re Ninth Avenue West*, 76 Wash. 401, 136 Pac. 488; *In re West Wheeler Street, Seattle*, 77 Wash. 3, 137 Pac. 303. The basis of this rule is that the same verity is accorded to the acts of the board of eminent domain commissioners as to other official action. *Spokane v. Fonnell, supra.*

The appellant's property is all in one tract and devoted to school purposes. Before the condemnation, it had access through its own property to the territory to the west and the northwest. The property to the west and northwest had no

feasible access to Third avenue west and Nickerson street, and the property immediately to the east of the appellant's property had no feasible access to the territory to the west and the northwest prior to this condemnation. The appellant's property was assessed at approximately forty per cent of the cost of the improvement, distributed as follows: To the unplatted portion, containing about five acres, $2,159.96; lot 2, which lies at the intersection of West Bertona street and Third avenue, $223.98; the corner lot directly across Third avenue to the east is assessed at $42.66; lot 3 of the appellant's property is assessed at $96; lot 4, at $48; lot 5, at $23.99. A lot immediately to the east of lot 5 is assessed at $10.66. Lot 1 across Third avenue is business property, and no reason appears from the record for assessing the appellant's corner lot at five times the amount of the assessment placed upon this lot. The corner lot lying immediately west of the appellant's property is assessed at $160; the lot south of it at $80; the corner lot on the first block to the west is assessed at $64. The same disparity exists largely in the assessment of the property lying north and northwest of the appellant's property.

It is apparent from the record that West Bertona street was extended to connect with Emerson street for the purpose of affording the property owners to the west and northwest a means of access to Third avenue and Nickerson street, and to afford people to the east of Third avenue feasible access to the west and northwest. As we have suggested, the appellant had such access through its own property. The record shows no reason for assessing appellant's unplatted property in so large a sum. For school purposes, the property has not been benefited. Treated as real estate, it has been benefited, but it is obvious that the unplatted property has not been benefited to the extent of the assessment. It cannot be sold as residence or business property without platting and without providing for additional streets. We think the dis-

parity in the assessment is so great as to conclusively show arbitrary action upon the part of the commissioners.

The judgment will be reversed, with directions to the court to have the property reassessed.

CROW, C. J., ELLIS, and CHADWICK, JJ., concur.