[No. 12912.  En Banc.  June 20, 1916.]

THE CITY OF SEATTLE, Respondent, v. PUGET SOUND TRACTION, LIGHT & POWER COMPANY et al., Appellants.[1]

MUNICIPAL CORPORATIONS — EMINENT DOMAIN — APPEAL — RECORD. The superior court having entire jurisdiction of eminent domain proceedings until final judgment, the record on appeal from a judgment therein properly includes proceedings before one of the judges of the court who, subsequent to the judgment, had been disqualified for prejudice and a second trial held before another judge of the same court.

MUNICIPAL CORPORATIONS—IMPROVEMENTS — ASSESSMENTS—POWER OF COURT TO FIX BOUNDARIES. The superior court has no power, under the statute authorizing eminent domain proceedings by cities, to direct the exact limits of territory that should be included in any assessment district, that being a legislative power delegated to the eminent domain commissioners.

MUNICIPAL CORPORATIONS—ASSESSMENT OF BENEFITS — ARBITRARY ASSESSMENT. The action of the eminent domain commissioners in assessing the total cost for the appropriation of land for street pur-

[1]Reported in 158 Pac. 252.

poses against the remainder of the tract through which the street was opened was arbitrary, where the object was to extend an existing street in a settled district through the tract, so as to connect with a paved boulevard which was of some special benefit to the property owners of the district whose street was thus extended.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 9, 1915, confirming an assessment roll in eminent domain proceedings by a city, after a trial on the merits to the court. Reversed.

*James B. Howe* and *Hugh A. Tait*, for appellants.

*Hugh M. Caldwell, Walter F. Meier, James E. Bradford,* and *W. D. Covington,* for respondent City of Seattle.

*Wright & Huntoon,* for respondent Rank *et al.*

HOLCOMB, J.—The respondent city condemned a strip of land through the property of the Puget Sound Traction, Light & Power Company (which for brevity we shall call the Traction Company), 54 feet wide and about 1,200 feet long, extending from Woodland Park avenue to the intersection of Green Lake boulevard and Ashworth avenue. The strip was to constitute an extension of North Seventy-seventh street. A jury in the condemnation proceeding found the value of the land appropriated to be $8,250, for which sum a verdict was awarded. The matter was then referred by the court to the board of eminent domain commissioners of the city, for the purpose of levying assessments upon the property specially benefited by the opening of the street to satisfy the award and the costs of the proceeding. Appellants were the only parties named in the condemnation proceeding. The eminent domain commissioners returned an assessment roll on which an assessment of $8,979.70 for special benefits was levied upon two strips of land, belonging to the Traction Company and incumbered by the other appellants, lying on each side of and adjacent to the condemned strip. The land so assessed is a part of the remainder of a tract of about thirty-five acres of unplatted land from which the

condemned strip is taken, lying on the northwesterly side of Green Lake, which is bounded on the west by Woodland Park avenue, east and south by Green Lake boulevard and Ashworth avenue, and north by North Dayton street. No other land was assessed for benefits. The net result of the proceeding was that appellants were allowed $8,250 as compensation for the land appropriated, which was assessed back to it with an addition of $729.70, the last mentioned sum being the costs of the proceeding, and $538.54 accrued interest on the award.

Appellants objected and excepted to the assessment roll, on the ground that the assessment was arbitrary, inequitable, in excess of benefits to appellants, and based upon a fundamentally wrong basis.

The matter came on for hearing before Smith, J., who, after hearing all the evidence offered by the city and the appellants, directed and adjudged that the assessment against the property of the appellants be reduced by the sum of $2,-000, and that such sum be spread upon the real estate to the west of Woodland Park avenue to Dayton street and from the alley next north of Seventy-fifth street to the alley next north of Seventy-eighth street, and that the roll be re-referred to the commissioners to be recast.

An amended roll was thereafter prepared and returned, on which the assessment against the property of appellants first included in the original district was reduced by the sum of $1,700, but some other property of appellants was included which was not included in the original district and assessed at a small sum. The new roll included the real estate directed to be included in the order re-referring the roll.

About ninety-four owners of the property so included in the new roll objected thereto and to the assessment, and filed an affidavit of prejudice against Smith, J., hearing the matter of the amended roll, and it was assigned by the presiding judge to Tallman, J., before whom it was heard.

After hearing the evidence offered by the city, the new parties, and the appellants, Tallman, J., directed the cancellation of the assessments against the new property named in the amended roll, and that the entire amount of the original assessment be levied back upon the two 100-foot strips of the Traction Company. From this judgment, comes this appeal.

Respondent moves that so much of the abstract of record as pertains to the hearing of the original roll and the order thereon before Judge Smith be stricken. This cannot be done. From the institution of the proceedings under the statutes relating thereto, the superior court is given jurisdiction of the entire matter until final judgment. *Seattle v. Sylvester-Cowen Inv. Co.*, 55 Wash. 659, 104 Pac. 1121. The superior court of King county is one court although there are nine judges thereof. The proceeding to acquire the land for the extension of the street and to assess the property specially benefited for the cost of the improvement was one proceeding. The statement of facts necessary to be certified on appeal should contain all matters material to the cause not already made a part of the record thereof. It was necessary also to abstract the same. The proceedings before Judge Smith were properly included in the statement of facts and in the abstract. The motion is denied.

We do not think that the court had power under the statute to direct the exact limits of territory that should be included in any assessment district. This is a legislative power.

"The statute expressly enjoins upon the commissioners the duty of apportioning the total cost between the city and the district specially benefited in such proportion as shall be relatively equitable. If, however, they fail to do this, the power of the court to review their action is restricted." *In re Westlake Avenue*, 40 Wash. 144, 82 Pac. 279.

"In this class of cases, opinions will differ widely as to the proper boundaries for an assessment district, and as to the benefits to accrue to the different properties within the district; but this court cannot substitute its judgment for the judgment of those whom the law has charged with the duty

of establishing the district and apportioning the cost, whenever such difference of opinion may arise." *In re Seattle,* 50 Wash. 402, 97 Pac. 444.

The superior court can review, revise, modify, set aside, or confirm an assessment roll in this sort of proceeding. In so doing the court can assuredly order to be included property arbitrarily omitted from assessment which is manifestly within the area of benefits, and it can order that property which is manifestly and arbitrarily included within the district, which is not and cannot be specially benefited, omitted and excluded therefrom. This is the exercise of the power of the court to "revise, alter, or modify" the assessment. It is not the substitution by the court of an entirely new district or area of benefits. The court may, in refusing to approve and confirm the assessment roll, indicate the judicial reason therefor, that it is apparent that an entire area is either included or excluded unjustly and arbitrarily. To readjust an assessment district very generally and comprehensively, under these statutes, the court must follow the statutes and refer the entire matter back to the eminent domain commissioners, or appoint new commissioners and order the benefits assessed anew.

Judge Smith proceeded from the premise that, "It is neither usual nor fair to confine an assessment district between the termini of the piece that has been condemned. The condemnation was not for the benefit of the tract of the respondent wholly. If that was the intention of it, no doubt the respondent itself would have dedicated the street before this." This premise may not be correct as a general rule, but we think it is certainly correct as applied to the conditions here shown. This case is almost exactly parallel with the case of *Spokane v. Kraft,* 67 Wash. 245, 121 Pac. 830, and *Id.,* 82 Wash. 238, 144 Pac. 286. As was said in *Spokane v. Miles,* 72 Wash. 571, 131 Pac. 206:

"Assessment districts must have a point of beginning and a point of termination. The fixing of these extremes often

presents many perplexing questions upon which there would be a never ending variety of opinion. It is, therefore, of the first importance that some definite rule be laid down for the guidance of trial courts. The best rule that has been announced, and the only practicable working rule is that the courts should not change the district established by the commissioners, except where the commissioners have acted arbitrarily or fraudulently or have proceeded upon a fundamentally wrong basis."

But in this case we observe that the object of the appropriator was to open a street or public highway so as to extend a street already existing through a platted and settled portion of the city to connect with a paved highway or boulevard, which must of necessity have been of general benefit to the public or the city at large, and must in our judgment have been of some special benefit to the property owners and residents of the district from which this street would be extended to the boulevard. It certainly was arbitrarily determined that the Traction Company through whose land the street was extended was the only owner generally and specially benefited. Of course, this cannot be said in all cases, for there may be exceptions to any rule. But it certainly is so in this case, just as it was so in the case of *Spokane v. Kraft, supra.* It was manifest that the eminent domain commissioners set out to assess back the cost of the appropriation to the remaining land of the condemnee. In the hearing on the amended roll before Judge Tallman, the commissioners, by their simple asseverations and bald conclusions, endeavored to show the correctness of their original assessment and declined to agree to any other basis of assessment. There was testimony before the court in the hearing before Judge Smith, by apparently competent, able, and fair-minded men, such as Ex-Mayor Dilling of Seattle and others, to the effect that the property of the Traction Company could not possibly be benefited to the extent of more than forty or fifty per cent of the cost of the extension. They gave their reasons and deductions, which were very logical and plausible.

Of course, there were apparent differences of opinion between them and the witnesses for respondent. Whether they were honest differences depends upon whether their respective opinions appear to have been well based or ill founded. Judge Smith, however, taking into consideration all the conditions and circumstances and endeavoring to reconcile and harmonize the facts, thought that not more than twenty-five per cent or $2,000 of the cost of the extension, should be spread upon the property of other property owners, and that that should be spread upon property which he determined and lying to the west of the extension. In thus attempting to define the limits of the assessment district, Judge Smith exceeded his authority. And in finding that the Traction Company was benefited to the extent of about seventy-five per cent of the cost of the assessment, while within his authority, he was apparently sufficiently considerate as to other property holders specially benefited, and he was amply sustained by the evidence that the assessment against the appellants' property was fully $2,000 excessive, and arbitrary.

At all events, it seems to us that no argument is necessary to show that the assessment in this case was arbitrary and disproportionate to the benefits realized by the owners of the property taken for street purposes, to the extent of $2,000 at least. *Spokane v. Kraft*, 82 Wash. 238, 144 Pac. 286. See, also, *In re Eighth Avenue Northwest*, 77 Wash. 570, 138 Pac. 10; *In re Ninth Avenue West*, 76 Wash. 401, 136 Pac. 488; *Norwood v. Baker*, 172 U. S. 269.

In general, the power of the courts over such proceedings is revisory under the statute, and if the statute and the constitution were obeyed according to their letter and spirit, and after the manner that has been so often pointed out by this court, the duty and power of the courts would be simple. The courts should not attempt to direct or control the discretion of the legislative officers, but should curb and control their indiscretion. We should not hold in this case that the finding of Judge Smith on the original hearing was *res judicata*.

We can only hold that, until a proper assessment roll is prepared equitably proportioning the cost of the improvement upon all property benefited thereby, assessing the property within a proper assessment area or district, it ought not to be approved. It must be borne in mind that the statute provides for reassessment, and when all these various sections are considered, the costs of a reassessment as well as of the original award and costs, must be laid against the property benefited.

The judgment is reversed, and the cause remanded with instructions to order a reassessment by the eminent domain commissioners, and that the assessment be spread upon all property specially and relatively benefited by the improvement, in accordance with this opinion. Appellants will recover costs.

MORRIS, C. J., PARKER, MOUNT, CHADWICK, and FULLERTON, JJ., concur.

ELLIS, J., concurs in the result.