[No. 14015.    Department One.    October 31, 1917.]

THE STATE OF WASHINGTON, *on the Relation of F. B.*
*Hayford et al., Appellants,* v. PUBLIC SERVICE
COMMISSION, *Respondent.*[1]

RAILROADS—GRADE CROSSINGS—ELIMINATION—POWERS OF PUBLIC
SERVICE COMMISSION. Rem. Code, § 8733-4, expressly provides that
the public service commission may on its own motion file a peti-
tion for a change or elimination of a grade crossing.

SAME—ELIMINATION OF GRADE CROSSING—REVIEW OF COMMISSION'S
ORDER. Under Rem. Code, § 8733-13, providing that an order of the
public service commission eliminating a grade crossing may be re-
viewed and the reasonableness and lawfulness determined, an order
which the commission had power to make will not be disturbed un-
less there is a showing of unreasonableness or unlawfulness.

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered December 13, 1916, in favor of
the defendant, affirming an order of the public service com-
mission eliminating a grade crossing, after a hearing before
the court.    Affirmed.

*Danson, Williams & Danson* (*George D. Lantz,* of counsel),
for appellants.

*The Attorney General* and *Hance H. Cleland, Assistant,*
for respondent.

MORRIS, J.—The Public Service Commission, on its own
motion, commenced these proceedings for the purpose of
eliminating a dangerous grade crossing on the Great North-
ern Railway near Spokane. The railroad track, at the loca-
tion in question, forms a decided loop. The highway, known
as Euclid road, running east and west, intersects this loop
at two points about half a mile apart. Both crossings are
at grade. The east one is admittedly very dangerous and,
under the order complained of, is to be eliminated by deflect-

[1]Reported in 168 Pac. 169.

ing the highway to the south of the railroad track between the two crossings. Appellants are the owners of land abutting upon the highway within the loop and between the two crossings. About midway between the crossings is a second highway, running north and south, which passes under the railroad tracks, affording appellants additional facilities for reaching their property.

In considering the question of eliminating this dangerous crossing, two plans were considered. First, the construction of an underground crossing necessitating but slight change in the highway, but requiring considerable change in the railroad grade. Second, the diversion of the highway south of the railway. On a full hearing, the commission entered its order adopting the second plan. Appellants sued out a writ of review directed against this order to the superior court of Spokane county, and being there defeated, have appealed.

The chief complaint here is that the commission is without authority to enter an order of this character on its own initiative; and second, if such power exists in the commission, its exercise in this instance was arbitrary and based upon a fundamentally wrong basis in not giving due effect to the testimony of appellants as to the damage to be sustained by their property in deflecting the highway to the south of the railroad.

The whole matter is one of statutory construction. Section 8733-4, Rem. Code, provides that the mayor or city council of any city or town, or the county commissioners of any county within which a dangerous crossing exists, may file with the public service commission a petition stating that the public safety requires an alteration of the crossing. The commission will then fix a time for hearing on such petition, and if the contemplated change requires that private land be damaged, ten days' notice of hearing shall be given to owners of such land. Upon such hearing, the commission shall make such order as to it seems proper, and if private land is to be taken or damaged, the right to take or damage such land

shall be acquired as later provided.  The last paragraph of this section is as follows:

"Petition for the change in any existing grade crossing, or for the elimination thereof, may be filed by the commission on its own motion, and proceedings thereon shall be the same as herein provided for the hearing and determination of a petition filed by a railroad company."

It is clear that, under this last paragraph, the commission has power, upon its own motion, to institute proceedings of this character—and we so hold.

In support of their second contention, appellants cite cases such as *Spokane v. Miles*, 72 Wash. 571, 131 Pac. 206, and others where, in reviewing the assessment of eminent domain commissioners in condemnation proceedings, it was held that the commissioners acted upon a fundamentally wrong basis in charging back upon abutting property the amount of damages awarded by the jury in the condemnation proceedings for the taking of the property plus the benefits.  Manifestly, such decisions are not in point.  There the court was dealing with a special statute authorizing courts to modify or change any assessment when, in the judgment of the court, such change would be necessary.  In construing this statute, we said that to charge back against the property the amount of the condemnation award and then assess the remainder for the full benefits is evidence that the commissioners acted arbitrarily and were proceeding upon a fundamentally wrong basis, calling for correction by the court.  This statute, § 8733-13, provides that an order of the commission of this character may be reviewed in the superior court and on appeal by this court "and the reasonableness and lawfulness of such . . . order . . . inquired into and determined."  That the order is lawful, that is, within the power of the commission, we have already held.  The commission having the power to make the order, it cannot be disturbed unless it manifests a clear abuse of that power, or there is a showing of such unreasonableness and unlawfulness as to

call for correction by the court. There is no showing in the record before us on which we can say that the commission has entered an unreasonable or unlawful order. The procedure relative to the taking or damaging of private property in ordering the change of railroad crossings is provided for in § 8733-15, which affords ample protection to all property owners injured in the carrying out of the order complained of.

Judgment is affirmed.

ELLIS, C. J., CHADWICK, MAIN, and FULLERTON, JJ., concur.