[No. 6491.   Decided March 23, 1907.]

## IN RE CONDEMNATION PROCEEDINGS BY THE CITY OF SEATTLE.[1]

MUNICIPAL CORPORATIONS — SPECIAL ASSESSMENTS — BENEFITS— EVIDENCE—SUFFICIENCY—REVIEW. An apportionment by commissioners appointed to assess the benefits to property from a street improvement should not be disturbed because of a variety of opinions held by witnesses, where the evidence in favor of the objections does not overbalance the evidence in support of the return.

SAME—BENEFITS—VALUES. Commissioners appointed by the court to assess benefits may take into consideration the view from the property, if that enhances its value.

Appeal from an order of the superior court for King county, Morris, J., entered June 19, 1906, in condemnation proceedings, confirming an assessment made by a municipality against property benefited through the improvement of a street.   Affirmed.

*Walter Fulton* and *Revelle, Revelle & Revelle*, for appellants.

*Scott Calhoun* and *O. B. Thorgrimson*, for respondent.

PER CURIAM.—The city of Seattle by ordinance provided for extending and improving Lake View Avenue, a street in that city, and directed that the costs of the extension and improvement be taxed to the property benefited. Condemnation proceedings to procure the right of way for the street were prosecuted in the superior court of King county, and that court, after ascertaining the cost of the proceeding, appointed commissioners, as provided by statute, to make and return into court an assessment covering such cost. On the return of the assessment by the commissioners, certain property owners appeared and objected to the assessments made

[1] Reported in 89 Pac. 156.

against their properties, assigning various reasons therefor, the principal ones being as follows: That none of the property of the objectors was benefited by the improvement; that the assessment against their property was unjust and unreasonable, being too high; that other property benefited was not included in the assessment roll or otherwise assessed to pay the costs of the improvement; and that the method adopted to arrive at the benefits operated to discriminate unjustly against the objectors' property. A hearing was had by the court on the objections, in which many witnesses were examined and other evidence taken, resulting in an order confirming the assessment. The objectors appeal.

The questions suggested by the objections cited, it will be noticed, are principally questions of fact, and questions, moreover, which are incapable of solution with mathematical exactness, and into which the judgment and opinion of the individual or individuals who undertake their solution must largely enter. It is not difficult, therefore, to find persons who will take issue with the judgment of the persons who make the assessment, and who will testify to the incorrectness of the assessment as returned. The record in this case discloses a variety of opinions, but we do not think the evidence in favor of the objections overbalances the evidence in support of the return.

The contention that the method adopted to arrive at benefits operated unjustly against the appellants is without merit. It is based on an answer made by one of the commissioners to the effect that, in arriving at the value of the several properties, they took everything into consideration, even the view from the property. But if the location of the property enhances its value, this was a circumstance entitled to be taken into consideration in determining what proportion of the costs of the improvement the property should bear, when comparative values are in consideration in making that determination.

The order appealed from is affirmed.