[No. 6899.  Decided November 12, 1907.]

*In the Matter of* HARVARD AVENUE NORTH, SEATTLE.

S. S. LOEB *et al., Appellants,* v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENTS — BENEFITS.  The fact that a street was so improved that a street railway company seeks to extend its line thereon may be shown as an element of special benefit to the property in the district.

SAME—PROPERTY BENEFITED—EXTENT—COMMISSIONER'S DECISION.  The assessment of benefits by commissioners being reasonably fair, their decision as to the extent of the property benefited should not be disturbed, Laws 1893, p. 196, § 22, placing the duty of determining the district upon the commissioners.

Appeal from a judgment of the superior court for King county, Griffin, J., entered March 16, 1907, after a hearing on the merits, approving an assessment roll, made by commissioners appointed to levy a special assessment upon property specially benefited by a municipal improvement.   Affirmed.

*Hastings & Stedman,* for appellants.

*Scott Calhoun* and *O. A. Tucker,* for respondent.

HADLEY, C. J.—This is the appeal of Henry Fuhrman from the judgment of the superior court, approving the

[1]Reported in 92 Pac. 410.

assessment roll in the matter of the laying out, extending, and establishing of Harvard Avenue, North, in the city of Seattle. Since the appeal was taken, the appellant died testate, and by virtue of the stipulation of counsel in the cause, the executors of the deceased, viz., S. S. Loeb, S. L. Crawford, and M. F. Backus, are hereby ordered substituted as appellants in the place of the deceased.

The errors assigned are, (1) that the court should have found that the assessments against appellant's various parcels of land were arbitrarily, unfairly, and fraudulently made; (2) that it was error to refuse to set aside the assessment roll or to reduce the amount of the assessments against appellant's parcels of land; (3) that it was error not to vacate the roll and direct the commissioners to make a new roll including property north of Lake Union.

We think the first assignment of error is not supported by the record. An effort was made at the trial to show that a personal controversy existed between the appellant Fuhrman and one of the members of the city council of the city of Seattle, and that in an indirect way this controversy was used as the basis for influencing the commissioners to make an unfair assessment roll against appellant's property. Respondent contends that the facts in relation to such a controversy were irrelevant to the subject before the court, and that the question to be determined was the mere independent fact whether an unfair and fraudulent assessment had been made. Whether that evidence may have had a proper bearing upon the question of bad faith on the part of the commissioners or not, we, in any event, fail to find justification in the evidence for the contention that the commissioners' assessment was made as the result of bad faith.

In reference to the second assignment of error, it is urged that the evidence shows that the improvement is of little, if any, benefit to the property included within the assessment district, and that it will be of no practical benefit to anyone except to the street railway company. The improvement, it is

true, may afford the railway company more convenient facilities for the extension and construction of its line; but such fact does not establish that benefit does not accrue to the property in the district. The mere fact that a street is so improved that a street railway seeks to extend its line thereon may well be considered as an element of special benefit to the neighboring property. There was some conflict in the evidence upon the subject of benefits, but there was ample evidence to support the court's finding that the property was benefited to the extent of the assessment.

It is contended under the third assignment of error, that the district should have included property to the north of Lake Union, which it is claimed is benefited by the improvement as much as that which lies within the district as established. As respondent suggests, it is often difficult to determine the dividing line between property that is specially benefited and that which receives mere general benefits from the improvement. There must, however, be such a dividing line. In a sense, all property in a city proximate to the neighborhood of the improvement and having indirect connection by neighborhood routes with the improvement may receive benefit. But it can scarcely be classed as special benefit which is a benefit peculiar to particular property and differing from that which the general property of a community receives from a new improvement as a mere public enterprise. Some one must determine what property is specially benefited, and as we said in the case of *In re Westlake Avenue*, 40 Wash. 144, 82 Pac. 279, the statute, Laws of 1893, page 196, § 22, places that duty upon the commissioners. Where the assessment is shown to have been a reasonably fair one, the commissioners' decision as to the extent of the property specially benefited ought not to be disturbed. The record before us satisfies us that a fair determination of that matter was made by the commissioners, and the judgment is therefore affirmed.

FULLERTON, RUDKIN, CROW, and DUNBAR, JJ., concur.

MOUNT and ROOT, JJ., took no part.