[No. 9619.   Department One.   December 1, 1911.]

*In Re* TWELFTH AVENUE.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENT DISTRICTS —FIXING BOUNDARIES — APPORTIONMENT OF EXPENSE — REVIEW BY COURTS.   The courts will not review the action of eminent domain commissioners in fixing the boundaries of improvement districts or in apportioning all the expenses to the property without charging the general fund of the city, where there is no showing of arbitrary action, fraud, or mistake.

SAME—AMOUNT OF ASSESSMENTS—ACCRUING INTEREST.   An assessment for a local improvement may include accumulated interest pending the making of the assessment roll, where the authorities proceeded with diligence in preparing the roll.

[1]Reported in 119 Pac. 5.

Appeal from a judgment of the superior court for King county, Main, J., entered February 24, 1911, confirming a special assessment for a local improvement, upon appeal by property owners. Affirmed.

*Willett & Oleson,* for appellants.
*Scott Calhoun* and *William B. Allison,* for respondent.

PARKER, J.—This is an appeal from an order of the superior court for King county, confirming a special assessment made by eminent domain commissioners to pay awards · of damages and expenses incurred by the city of Seattle in acquiring and damaging private property for the purpose of improving 12th avenue, and other streets in that city. Appellants are the owners of property against which the assessment is made, and it is contended in their behalf, (1) that the boundaries of the assessment district are so clearly wrong in omitting certain property therefrom that the trial court should have annulled the assessment; and (2) that the general fund of the city should have been charged with a portion of the cost and expenses of acquiring and damaging the private property for the improvement.

The improvement contemplated is the widening and changing of the grades of 12th avenue, from Denny Way south, to Jackson street, a distance of twenty blocks, and the widening and changing of the grades of certain other streets near to or crossing 12th avenue, so that at no point does the improvement extend more than four blocks in an east and west direction. The limits of the assessment district fixed by the commissioners extends north and south and east and west in approximately this proportion. It is insisted by counsel for appellants that the assessment should have extended much farther to the east so as to include property it is claimed will be benefited by the improvement, and that in this respect the boundaries of the district were erroneously fixed by the commissioners. The theory of this

contention is that the improvement in the grades of the
east and west streets will furnish a more advantageous outlet
than at present to the business portion of the city from this
property which is excluded from the assessment district upon
the east. Alleged error in excluding certain other property
from the assessment district is rested upon the same theory
as to its benefit. No contention is made as to the amount
of any assessment upon any particular lot or tract, it being
conceded that, if the boundaries of the assessment district
are correct, the assessments are properly apportioned upon
the several lots and tracts.

There is eminent authority indicating that the fixing of
the boundaries of a district for a special assessment purpose
by the persons or body possessing that power by virtue of
it being so delegated by the legislature, is an act so purely
legislative in its character that the courts are excluded from
interfering therewith. 1 Cooley, Taxation (3d ed.), 234;
Hamilton, Special Assessments, 19; 1 Page & Jones, Tax-
ation by Assessment, 552, 553. We are not, however, re-
quired to adopt this view, without qualification, in order to
sustain the acts of the eminent domain commissioners in this
case. Applying the rule heretofore adopted by this court
where the correctness of the amount of the assessment upon
the various lots and tracts are involved, a review of the
evidence in this case convinces us that there is here no such
showing of arbitrary action, fraud, or mistake on the part
of the commissioners in fixing the boundary of this dis-
trict as calls for interference therewith by the courts, even
conceding that that may become a judicial question. We
see nothing here involved except a difference of honest opin-
ion as to where the boundaries of this assessment district
should be. Clearly that is not sufficient to warrant an in-
terference with the judgment of the commissioners in that
respect. *In re Seattle*, 45 Wash. 63, 89 Pac. 156; *In re
Seattle*, 50 Wash. 402, 97 Pac. 444.

The contention that a portion of this expense should

have been charged to the general fund of the city because of the general public benefit can be answered in the same way. *In re West Lake Avenue,* 40 Wash. 144, 82 Pac. 279.

Some contention is made that the total amount of the assessment was unduly enhanced by a charge for accumulated interest pending the making of the assessment roll. It is manifest that, from the time of the rendition of the verdict and judgment awarding damages to the owners of property taken or damaged, until the money can be realized upon the assessment for payment of such damages, interest will necessarily accumulate upon the damage awards. The complaint here is that there was undue delay in making up the assessment roll, resulting in accumulation of interest charged against the property to be assessed which could have been avoided by diligence on the part of the city and commissioners in making up the roll. The evidence convinces us that the commissioners and the city moved as promptly as circumstances would permit in preparing the assessment roll. Had there been undue delay in this respect there would be some ground for this contention. We agree with the learned trial judge that no reason is shown for interference with this assessment by the courts. The order confirming the assessment roll is therefore affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.