[No. 11132.  Department Two.  June 28, 1913.]

*In re* ELLIOTT AVENUE.

THE CITY OF SEATTLE, *Appellant*, v. GALBRAITH-BACON & COMPANY *et al.*, *Respondents.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENTS—REVIEW BY COURTS. In the absence of evidence that an assessment roll, as levied by eminent domain commissioners upon property benefited, was not in accordance with the benefits received, the courts have no power to modify the assessment and charge part of the same against the general fund.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered March 20, 1913, modifying an assessment roll for street improvements, after a hearing on the merits. Reversed.

*James E. Bradford, Wm. B. Allison,* and *C. B. White,* for appellant.

*Farrell, Kane & Stratton, Bogle, Graves, Merritt & Bogle, Kerr & McCord,* and *Ballinger, Battle, Hulbert & Shorts,* for respondents.

[1]Reported in 133 Pac. 8.

MORRIS, J.—Appeal by the city of Seattle from a judgment of the lower court modifying an assessment roll, as made up and filed by the board of eminent domain commissioners, so as to reduce all assessments appearing upon the roll ten per cent and charge that amount to the general fund. Cases of this character have been so often before this court in the past few years that it might well be said that the law is so well settled that there is nothing new to be said. The only thing we can do is to apply to the case before us the rules established by the previous cases. The latest assertion of the rule here applicable is found in *Spokane v. Miles*, 72 Wash. 571, 131 Pac. 206, where, citing previous cases, it is said:

"The best rule that has been announced, and the only practicable working rule, is that the courts should not change the district established by the commissioners, except where the commissioners have acted arbitrarily or fraudulently or have proceeded upon a fundamentally wrong basis."

In answering the contention there made, that part of the cost of the improvement should have been assessed to the general fund of the city, it was said: "The evidence does not show that any especial benefit accrued to the city at large in consequence of the improvement," and cases are cited holding that "the city, like a private owner, can only be assessed for an improvement where it is especially benefited." In this case, the lower court, in announcing its decision upon the contention of objectors to the roll that the general fund of the city should bear part of the assessment, said: "The fact is that there is no evidence here showing that any of these assessments are not in proportion to the benefits." If the lower court was of this opinion, the roll should have been sustained. While the lower court has the authority under the statute to modify the assessment roll as returned by the commissioners, to the end that justice may be attained and each tract of land benefited bear its relative equitable proportion of the cost of the improvement, as is said in *Seattle*

*v. Sylvester-Cowen Inv. Co.*, 55 Wash. 659, 104 Pac. 1121, the power so vested in the court must be exercised under the evidence. Like other instances where a discretion is vested in the trial court, it is a judicial discretion and must be exercised according to the facts before the court. In this case the lower court, while frankly admitting there was no evidence to justify its ruling, was of the opinion that the general fund should bear ten per cent of the entire assessment, because he believed that the improvement was "a part of the thoroughfare that we are laying out to Smith's Cove." We find no evidence of that fact. The only mention of it is found in the testimony of one of the witnesses as follows:

"Q. You think that under those circumstances that the city ought to pay a part of it? A. If they were to continue it, the main traffic thoroughfare connecting Smith's Cove and Interbay and through the Ballard district unquestionably some portion should be borne by the general fund. But that condition when we made the roll we did not find existing. Q. Has that been condemned since? A. Yes, that was condemned since this condemnation was instituted."

The facts which might appear upon the confirmation of the roll in some other local improvement proceeding would hardly justify the court in determining the question submitted to it in this.

Finding, as did the lower court, that there is no evidence here showing that any of these assessments are not in proportion to the benefits, we conclude the roll as returned should have been confirmed, and it was error to modify it in the respect complained of. The judgment is reversed with instructions to enter a judgment as here indicated.

MAIN, ELLIS, and FULLERTON, JJ., concur.