[No. 11425.  Department Two.  January 17, 1914.]

*In re* LEARY AVENUE, SEATTLE.[1]

MUNICIPAL CORPORATIONS — IMPROVEMENTS—ASSESSMENTS — BENEFITS—APPORTIONMENT—APPEAL—REVIEW OF ASSESSMENT.  Where, in providing for an improvement to be paid for by special assessment upon property specially benefited, the council provided that any part of the costs not properly assessed against benefited property shall be paid for from the general fund, the superior court on appeal from the assessment, has power to apportion the costs between the city and property owners, and is not bound by the apportionment of the eminent domain commission.

SAME—APPEAL—REVIEW—PRESUMPTIONS.  Upon an appeal from a judgment modifying an assessment by eminent domain commissioners, any presumption would be in favor of the judgment.

Appeal from a judgment of the superior court for King county, French, J., entered July 16, 1913, upon findings modifying an assessment of benefits for a local improvement, upon appeal from the decision of the eminent domain commissioners.  Affirmed.

*James E. Bradford* and *C. B. White* (*Howard A. Hanson,* of counsel), for appellant.

*John P. Hartman, Kerr & McCord, James M. Gephart,* and *Farrell, Kane & Stratton,* for respondents.

[1]Reported in 138 Pac. 8.

PARKER, J.—This appeal has to do with the local assessment branch of an eminent domain proceeding, by which the city of Seattle has acquired the right to widen and extend Leary avenue, in the northerly portion of the city.  After the awards were made for the taking and damaging of private property necessary to widen and extend the avenue, it became necessary to provide a fund to pay the amounts of the awards, approximating $356,000, in addition to a contribution made by the Northern Pacific Railway Company of $40,000.  To that end, an assessment roll was prepared and filed, in due course, by the eminent domain commissioners, wherein they charged and apportioned, against the private property which they deemed specially benefited by such widening and extension of the avenue, eighty per cent of the amount necessary to be so raised, and charged twenty per cent thereof against the city because of resulting public benefits.  Hearing upon the roll before the superior court was had in due course, when, after receiving evidence, and hearing argument of counsel thereon, the court rendered its decision and judgment, finding therein, among other things, as follows:

"That the improvements contemplated and ordered as set forth in the proceedings in this cause, are of special benefit to the property embraced in the district as made by the eminent domain commission, which is shown upon the map which is plaintiff's Exhibit "B," and likewise of special benefit to the city of Seattle and to all the taxpayers of the city of Seattle, for the reason that the said Leary avenue is one of the principal arterial highways of the city of Seattle, connecting all sections of the city, and particularly the business center of the city of Seattle, which will largely use said Leary avenue, with the outlying district commonly referred to as Ballard, and other sections of the northern part of the city.

"That the property embraced within the special assessment district as determined by the eminent domain commission is not benefited to the extent of the amount which was assessed against it, but is benefited to the extent of fifty per

cent of the total cost of said improvement, plus one-half of
the accrued interest, and no more."

In accordance with these findings, the court ordered the
commission to recast the assessment, and charge one-half of
the amount necessary to be raised against the city, and one-
half against the private property specially benefited. From
this decision of the superior court, the city has appealed to
this court.

The contentions of counsel for the city are, for the most
part, directed against the court's findings above quoted. The
testimony of the witnesses, together with the map of the
northerly portion of the city, introduced in evidence, show-
ing the avenue as it will be widened and extended, it seems
to us, leaves but little room for arguing that the avenue,
when widened and extended as contemplated, will not be a
main arterial highway. It will run in a generally north-
westerly and southeasterly direction through a portion of
the city which is already platted by streets running east and
west and north and south, with blocks of ordinary size, and
will furnish a comparatively direct highway between the
central business portion of the city and the northerly por-
tion thereof, lying even beyond the territory through which
its widened and extended portions pass. Touching the ques-
tion of apportioning the cost between the city and the spe-
cially benefited private property, the evidence is, to a con-
siderable degree, in conflict. However, after a careful re-
view of all of the evidence to which our attention has been
called in the abstracts of the record prepared by counsel for
the city and for the private property owners, and being
mindful of the presumption existing in favor of the appor-
tionment made by the eminent domain commissioners, we are
unable to say that the court did not arrive at a correct de-
cision upon that question. We do not deem it profitable to
enter upon a detailed discussion of the evidence here with
a view to demonstrating the correctness of the learned trial
court's decision.

Some contention is made by counsel for the city which seemingly is an attack upon the power of the superior court to charge against the city a greater sum than is authorized to be charged by the city officers or the eminent domain commission in a proceeding of this nature. If the city council, in the initial ordinance providing for this proceeding, had expressly provided that the entire cost should be paid by special assessment against the benefited property, there would be ground for such a contention. But in the initial ordinance providing for this proceeding, we find, among other things, the following:

"That the improvement provided for in this ordinance be paid for by special assessment upon property specially benefited in the manner provided by law. Any part of the costs of said improvement that is not finally assessed against the property specially benefited shall be paid from the general fund of the city of Seattle."

From this it is apparent that the city council expressly authorized the charging against the city of whatever portion of the cost could not be raised by assessing the private property to the extent of its special benefits; and since the superior court found that the private property did not receive special benefits exceeding fifty per cent of the total cost, which finding we conclude must be sustained, it seems plain that the balance is chargeable against the city. We have heretofore held that the statute under which this assessment is made, Rem. & Bal. Code, §§ 7790, 7795, 7796 (P. C. 171 §§ 75, 85, 87), gives the superior court power to adjust the apportioning of the cost between the city and the property owners so that each may pay a due proportion to the same extent as the court has power to revise and correct the assessment made by the commission in other respects. *In re Pike Street*, 42 Wash. 551, 85 Pac. 45; *Spokane v. Gilbert*, 61 Wash. 361, 112 Pac. 380. In both of these decisions, the judgments of the superior court were affirmed, although the judgments reversed decisions of the commis-

sions upon the question of apportioning the charge between the specially benefited property and the city. Of course, when the city by its ordinance renders it plain that it intends that no part of the cost shall be charged to the city, we have quite a different question. This phase of the question was dealt with in *Spokane v. Curtiss,* 66 Wash. 555, 120 Pac. 70, cited by counsel for the city, where the judgment of the superior court was reversed, and the decision of the commission affirmed by this court upon the ground, among others, that the original ordinance specifically provided that the cost should be paid "wholly by special assessment upon the property benefited." This, of course, would not authorize charging the specially benefited property beyond the benefits, but it would prevent the charging of any part of the cost against the city. Under such circumstances, the project might fail for inability to raise sufficient funds by the special assessment, because of lack of benefits, but that would not compel the city to contribute against its will. In the case before us, the city expressly agreed to contribute. In *In re Elliott Avenue,* 74 Wash. 184, 133 Pac. 8, cited by counsel for the city, this court reversed the trial court and affirmed the decision of the commission. Justice Morris, there speaking for the court, said:

"While the lower court has the authority under the statute to modify the assessment roll as returned by the commissioners, to the end that justice may be attained and each tract of land benefited bear its relative equitable proportion of the cost of the improvement, as is said in *Seattle v. Sylvester-Cowen Inv. Co.,* 55 Wash. 659, 104 Pac. 1121, the power so vested in the court must be exercised under the evidence. Like other instances where a discretion is vested in the trial court, it is a judicial discretion and must be exercised according to the facts before the court. In this case the lower court, while frankly admitting there was no evidence to justify its ruling, was of the opinion that the general fund should bear ten per cent of the entire assessment, because he believed that the improvement was 'a part of

the thoroughfare that we are laying out to Smith's Cove.' We find no evidence of that fact."

Manifestly, there was in that case no basis .upon which to rest the superior court's reversal of the commission's decision. Our attention has been directed to a number of our previous decisions wherein varying expressions are found touching the presumption of correctness of the decision of the eminent domain commission in determining the amount of benefits, apportioning the same, and in fixing the boundaries of the district. In addition to the decisions already noticed, our attention is called to the following eminent domain assessment cases: *In re Seattle*, 46 Wash. 63, 89 Pac. 156; *In re Harvard Avenue North*, 47 Wash. 535, 92 Pac. 410; *In re Seattle*, 50 Wash. 402, 97 Pac. 444; *In re Pine Street*, 57 Wash. 178, 106 Pac. 755; *In re Jackson Street*, 62 Wash. 432, 113 Pac. 1112; *In re Twelfth Avenue*, 66 Wash. 97, 119 Pac. 5; *Spokane v. Miles*, 72 Wash. 571, 131 Pac. 206. It is worthy of note that, in all of these cases, this court affirmed the superior court, which had in turn affirmed the decision of the eminent domain commission. So that all of those cases came to this court with the full strength of the presumption in favor of both the commission's decision and the superior court's decision. In the case before us, if there be any presumption either way, it should be in favor of the judgment of the superior court rather than against that judgment, since that is the judgment we are reviewing. We do not see our way clear to disturb the judgment of the superior court.

The judgment is affirmed.

CROW, C. J., FULLERTON, MOUNT, and MORRIS, JJ., concur.