[No. 11594.  Department One.  February 28, 1914.]

HENRY VIEGLE *et al.*, *Respondents*, v. THE CITY OF SPOKANE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS— BENEFITS—EVIDENCE—SUFFICIENCY.  The evidence sustains findings that property upon a bluff was not benefited by a public improvement consisting of grading, bridging, and the construction of a retaining wall, including a subway under an electric railway, where it appears that the subway, having a ten per cent grade, was of no practical value to the lands, which were reached by other roads on a four per cent grade.

SAME—ASSESSMENTS—REVIEW.  Under 3 Rem. & Bal. Code, § 7892-1 *et seq.*, authorizing the assessment of property specially benefited by a local improvement, and Id., § 7892-22, providing that, on appeal from the city council, the court shall confirm, correct, modify, or annul the assessment in so far as the same affects the property of the appellant, the court may set aside an assessment as arbitrary and made upon a fundamentally wrong basis, where it appears that the property assessed was not benefited at all by the improvement.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 14, 1913, upon findings in favor of the plaintiffs, in an action to cancel local assessments.  Affirmed.

*H. M. Stephens, Wm. E. Richardson, Ernest E. Sargeant*, and *Dale D. Drain*, for appellant.

*Cordiner & Cordiner* and *John Salisbury*, for respondents.

GOSE, J.—The city of Spokane prosecutes this appeal from a judgment canceling a reassessment on the property of the respondents for local improvements.  The improvement consists of an extension of Seventeenth avenue from its south line to the angle east of the Washington Water Power Company's Medical Lake road.  It comprises grading, bridging, and building a retaining wall, including a subway under the suburban electric road of the power company.  The property

[1]Reported in 139 Pac. 33.

involved in the appeal is situated upon a bluff near the southwest corner of the city. The electric road skirts the bluff.

The court, after a view of the premises, found that no part of the land of the respondents "was or is benefited by the construction of the aforesaid improvement, and that the action of the aforesaid city council, in levying assessments on said property and on each and every part thereof as aforesaid, was and is arbitrary." This finding is supported by the evidence. The topography of the lands in controversy is such that the subway is of no practical value to the respondents. They have other roads by which they can reach the city on a four per cent grade. Portions of the subway are on a ten per cent grade. The whole theory of our statute relating to local improvements in cities and towns (Laws 1911, page 441 [3 Rem. & Bal. Code, § 7892-1 *et seq.*]), is that property specially benefited may be assessed to the extent of the special benefits accruing from the improvement; but that, where there are no benefits, there can be no assessment. An examination of §§ 1, 7, 13, and 21 of this act will demonstrate the correctness of this view. Section 22 of the act (Id., § 7892-22) provides that the decision of the council or other legislative body upon timely objection may be reviewed by the superior court upon an appeal, and that "the judgment of the court shall confirm, correct, modify or annul the assessment in so far as the same affects the property of the appellant." In considering this question in *In re Fifth Avenue, etc.*, 66 Wash. 327, 119 Pac. 852, we said:

"It will be obvious to any one who reads the special assessment statutes that it was the intent of the legislature to permit the assessment of only such property as was especially benefited (§ 7790), and that general benefits could not be made the basis of a levy. So that §§ 7795 and 7796, quoted in *Spokane v. Gilbert, supra,* must be read with this thought in mind. When so read, it will be seen that it is the duty of the court to inquire whether the property is assessed more or less than it is specially benefited, and unless there is a special

benefit the court has no jurisdiction to order its inclusion in the roll."

This construction is made emphatic in *In re Eighth Avenue Northwest,* 77 Wash. 570, 138 Pac. 10. See, also, *Jahn Contracting Co. v. Seattle,* 74 Wash. 298, 133 Pac. 458; *In re Harrison Street,* 74 Wash. 187, 133 Pac. 8.

We have repeatedly held that the courts should not change the district established by the commissioners, or the assessment upon the property especially benefited, after the roll has been confirmed by the city council, except where the commissioners or the council have acted arbitrarily or fraudulently, or have proceeded upon a fundamentally wrong basis. *Great Northern R. Co. v. Seattle,* 73 Wash. 576, 132 Pac. 234; *Spokane v. Miles,* 72 Wash. 571, 131 Pac. 206; *Spokane v. Kraft,* 67 Wash. 245, 121 Pac. 830; *In re Elliott Avenue,* 74 Wash. 184, 133 Pac. 8; *Spokane v. Fonnell,* 75 Wash. 417, 135 Pac. 211; *Spokane v. Oregon-Washington R. & Nav. Co.,* 75 Wash. 426, 134 Pac. 1068.

It is obvious that any action which results in assessing property for local improvements upon the theory of special benefits is arbitrary where the property in fact will not be benefited at all by the improvement. All of the testimony, aside from the report of the board of public works, supports the finding of the court.

The judgment is affirmed.

Crow, C. J., Ellis, Main, and Chadwick, JJ., concur.