[No. 17881.    Department Two.    July 12, 1923.]

*In the Matter of the Improvement of* TENTH AVENUE
NORTHEAST.

STONE-EASTER, INCORPORATED, *et al., Respondents,* v.
THE CITY OF SEATTLE, *Appellant.*[1]

APPEAL (33, 167, 218)—DECISIONS REVIEWABLE—AMOUNT IN CON-
TROVERSY—PARTIES—SURETIES ON COST BOND FOR $200.    The sureties
on a cost bond for $200, on appeal to the superior court from an
order of a city council confirming an assessment, given pursuant
to Rem. Comp. Stat., § 9374, are not necessary parties who need be
served on the city's appeal from an adverse judgment of the superior
court reducing the assessment; in view of the constitutional re-
striction (Const., Art. 4, § 4) limiting the right of such sureties to
appeal to the supreme court to cases involving more than $200.

SAME    (388)—REVIEW — PARTIES    ENTITLED — RESPONDENTS    AND
CROSS-APPEALS.    Upon appeal by a city from a judgment reducing
assessments, the supreme court will not, in the absence of any cross
appeal, consider respondent's objection to the validity of an assess-
ment on a point decided in favor of the city in the court below.

SAME (452)—REVIEW—HARMLESS ERROR—EVIDENCE—ADMISSION—
TRIAL DE NOVO.    In a cause tried de novo on appeal  error cannot be
assigned upon the admission of evidence which the trial court ruled
was not admissible and did not consider.

MUNICIPAL CORPORATIONS (225)—IMPROVEMENTS — ASSESSMENTS—
DISTRICTS—PROPERTY INCLUDED—"IMMEDIATELY ADJACENT"—STATUTES.
Under Rem. Comp. Stat., § 9365, providing that unplatted property
shall be assessed back from the marginal lines of the improved street
the same distance that "immediately adjacent" platted lands are as-
sessed, two unplatted adjoining tracts, each "immediately adjacent"
to platted lands which are assessed at different depths, should also
be assessed for the corresponding different depths.

SAME    (225)—ASSESSMENT—BOUNDARIES    OF    DISTRICT — "CENTER
LINE" OF BLOCK.    In such a case, where the outer boundary of an
improvement is fixed at the "center line" of the. platted abutting
block, it is immaterial that the block is unevenly divided by an
alley running through it, since the block is the yard stick by which
it is measured.

SAME    (225, 267-1)—ASSESSMENT—BOUNDARIES    OF    DISTRICT—RE-
VIEW.    The conclusion of city commissioners upon the boundaries of

[1]Reported in 217 Pac. 28.

an improvement district, committed to them, will not be set aside by the court, unless their action was arbitrary or fraudulent or upon a fundamentally wrong basis.

SAME (225)—ASSESSMENTS—BOUNDARIES OF DISTRICTS—PROPERTY "IMMEDIATELY ADJACENT." Under Rem. Comp. Stat., § 9365, requiring the assessment of unplatted property to the same depth as "immediately adjacent" property, it is immaterial that an unplatted tract was, on one side, separated from the adjacent property by a cross street.

SAME (225). Under such section, where an unplatted tract is on different sides "immediately adjacent" to platted property of different depths, each half of the unplatted tract should be assessed for the same distance as the platted property adjacent thereto.

Appeal from a judgment of the superior court for King county, Brinker, J., entered January 2, 1923, upon findings in favor of the plaintiffs, modifying an assessment roll for a local improvement, tried to the court. Reversed.

*Thomas J. L. Kennedy* and *Hugh R. Fullerton,* for appellant.

*Carkeek, McDonald, Harris & Coryell,* for respondents.

FULLERTON, J.—The city of Seattle, by ordinance duly enacted, provided for the paving of Tenth Avenue Northeast, from its junction with East Fortieth street to its junction with East Eighty-Fifth street, a distance of some two and a quarter miles. It was provided that the expense of the improvement, less some $82,000 which the city appropriated from its various funds toward the costs, should be borne by the property benefited. In the same ordinance it established an assessment district, which it described as "all the property between the termini of said improvement, abutting upon, adjacent, vicinal or proximate to such portion of said 'avenue' to a distance back from the marginal lines thereof, as provided by law."

The street was paved in accordance with the ordinance, and the cost thereof made' chargeable by the terms of the ordinance to the abutting property was assessed upon such property.   The avenue paved extended north and south, and certain property abutting thereon was unplatted.   One of such unplatted tracts, lying to the east of the avenue, was owned by James R. Wood.   The title to another tract, lying on the same side of the avenue, stood in the name of Stone & Easter, Incorporated, a holding company.   A third tract, the title to which stood in the name of the last named company, lay to the west of the avenue.   The properties of the owners named lying to the east of the avenue were not assessed to their full widths.   That of James R. Wood was assessed back from the avenue for a distance of one hundred and twenty feet for its entire length.   That of Stone & Easter, on the same side, was assessed for a part of its length for a distance back from the avenue of ninety feet, for another part of one hundred and twenty feet; the two parts being connected by a line running diagonally to the avenue. The tract on the west side of the street was assessed back from the avenue for a distance of three hundred feet.   The tract of James R. Wood was assessed in the sum of $2,523.47.   The tract of Stone & Easter, Incorporated, lying to the east of the avenue, was assessed at $2,420,43, and the tract to the west of the avenue at $3,299.51.   The assessment roll as returned was protested by both Wood and Stone & Easter, Incorporated.   The city council, however, overruled the protests and confirmed the roll, and from the order of confirmation, the parties named appealed to the superior court of King county.

At the hearing in that court, it was adjudged that the assessment covered property not included in the

assessment district; finding that the property of Wood should not be assessed back from the marginal line of the avenue for a greater distance than 110.18 feet, and making a deduction in the amount of the assessment of $249.23.    On the property of Stone & Easter, Incorporated, lying on the east side of the highway, the court followed the boundary line of the city until it intersected the diagonal line before mentioned, followed that line until it reached a point 100 feet distant from the margin of the avenue, and from thence drew a line parallel with the avenue to the north boundary of the tract, and made a reduction in the amount of the assessment of $365.15.    As to the property lying west of the highway, the court found that it was not benefited by the improvement for a greater distance back from the marginal line of the avenue than 120 feet, and limited the property assessed to a line running parallel thereto and 120 feet distant therefrom for the entire length of the property, and made a reduction in the amount of the assessment upon the property of $1,044.29.    From the findings and judgment of the court, the city appeals.

There is a motion to dismiss the appeal, based on the ground that the sureties on the bond of the respondents given on its appeal from the order of the city council to the superior court were not served with the notice of appeal given by the city on the appeal to this court.    This question, however, was before us in the recent case of *Stone-Easter, Incorporated, v. Seattle,* 121 Wash. 520, 522, 215 Pac. 56, and decided adversely to the respondents' contentions.    The argument upon which the decision is rested will be found in the opinion of the court in that case, and need not be repeated here.

Passing to the merits of the controversy, we find it unnecessary to do more than notice certain of the

errors assigned for reversal. It was contended in the court below by the respondents that the present improvement and a certain prior improvement made on the same street was, in fact, but a single improvement, and was divided and conducted as separate improvements by the city for the fraudulent purpose of escaping the limitation the statute imposes upon the amount of the assessment that can be made upon abutting property for one improvement. The question is argued in the briefs of counsel on this appeal, but we think it not before us. The trial court determined the question in favor of the city, and the respondents have not appealed from its ruling thereon. To make a question determined in the court below reviewable in this court, it must be presented by the party aggrieved, and here the party aggrieved has waived the error, if one was committed.

Another contention is that the court erred in permitting the respondents to read, as part of their evidence, the testimony of one West given on the hearing of another cause. The court, however, while admitting the evidence when offered, ruled, when passing upon the facts, that it was not properly admissible, and gave it no consideration in making up its findings. Seemingly, the city has here no cause of complaint. Since the cause is tried in this court *de novo,* the city is privileged, of course, to argue that this court should not consider it, but as a ground for reversal or new trial, clearly it has no merit.

The third contention is that the court erred in its conclusion that certain of the property of the respondents, included within the assessment district as delineated by the city assessor, was not within such district. An understanding of the question requires a brief notice of the provisions of the statute. By the

code (§ 9365, Rem. Comp. Stat.) [P. C. § 1001], it is provided that every ordinance ordering any street improvement, payment for which shall be made in whole or in part by special assessment, shall establish a local improvement district, which district shall embrace, as near as may be, all property specially benefited by such improvement. It further provides that, except in cases not specifically provided for by the statute, and unless otherwise provided in the ordinance ordering the improvement, such district, shall include all the property between the termini of said improvement "abutting upon, adjacent, vicinal or proximate to the street," proposed to be improved "to a distance back from the marginal lines thereof to the center line of the blocks facing or abutting thereon," which distance back shall be in every case at least ninety feet. With reference to unplatted property, it is provided that the distance back from the marginal lines "shall be the same distance as that included in the assessment of the platted lands immediately adjacent thereto;" the section concluding with the provision:

"All property included within such limits of such local improvement district shall be considered and held to be the property and to be all the property specially benefited by such local improvement, and shall be the property to be assessed to pay the cost and expense thereof or such part thereof as may be chargeable against the property specially benefited by such improvement, which cost and expense shall be assessed upon all of said property so benefited in accordance to the special benefits conferred on such property in proportion to area and distance back from the marginal line of the street or other public way or area improved." Rem. Comp. Stat., § 9365.

In this instance, as will be noticed from the recitals we have made from the ordinance ordering the improvement, the city did not in the ordinance delineate

the boundaries of the assessment district, but provided that the district should include all the property between the termini of the street ordered improved "to a distance back from the marginal lines thereof, as provided by law." In other words, the ordinance adopted as the assessment district the property the statute provides shall comprise the district when the ordinance ordering the improvement does not otherwise provide. It will be noticed also that, since the provision is that unplatted property shall be assessed back from the marginal lines of the improved street for the same distance the platted lands "immediately adjacent thereto" are assessed, it is the assessed platted land that measures the distance; in this instance, the platted land lying either to the north or to the south of the unplatted property, as no other of the platted lands with which the properties were surrounded were assessed.

The tract of Stone & Easter, Incorporated, lying to the east of the improved street, and the tract of Wood abutted upon each other; the tract of the first lying to the south of the tract of the other and the dividing line being practically equi-distant from the platted properties lying to the north and to the south. The platted land "immediately adjacent" to the tract of Stone & Easter, Incorporated, lay to the south of the property, and the platted land "immediately adjacent" to the tract of Wood lay to the north of the property. These lands, however, were not platted into blocks of equal dimensions; the block to the south being 200 feet in width, while that to the north was 235.18 feet in width. Seemingly, therefore, if the directions of the statute are to be followed, the tract of Stone & Easter, Incorporated, lying on this side of the highway, should have been assessed back from the margin of the high-

way through its entire length for a distance of 100 feet, while the tract of Wood should have been assessed back for a distance of 117.59 feet.

By comparing the assessments as made by the city's assessing officers and the assessment as corrected by the trial court, with the directions of the statute, it will be seen that neither follow the statute. The assessment on the property of Wood, made by the city, extends back from the marginal line of the improved street some 2.41 feet beyond the center line of the block adjacent to it on the north. The line as fixed by the court is some 7.41 feet short of the center. The error on the part of the city is not explained in the record. The trial court based its conclusion on the fact that the block was unevenly divided by an alley extending north and south through it, the west margin of which was 110.18 feet distant from the margin of the street. But we cannot conceive that this is a sufficient reason for limiting the quantity of the unplatted property to that distance. The outer boundary of the district, as fixed by the statute, is the "center line of the block," and the requirement is that the unplatted property shall extend back the same distance. The block, therefore, is the yard-stick by which the distance is to be measured, and plainly the manner in which the block has been divided can have no bearing upon the distance back the unplatted land is to be assessd.

The line marking the outer boundary of the tract of Stone & Easter, Incorporated, as marked by the city and as marked by the court, coincide, as we have said, for some distance running from the south to the north. The city, however, extended the diagonal line mentioned until it reached a distance of 120 feet from the margin of the improved way, and then ran parallel

with the way until it reached the north boundary of
the tract, while the trial court extended it only to a
point where it reached a distance of 100 feet from the
margin of the improved street, and from that point
ran parallel with the street to the north boundary of
the tract.   Since the block on the south immediately
adjacent to the tract was 200 feet in width, seemingly
the line of the trial court was more nearly correct than
is the line of the city.   But we think them both wrong.
The limitation of ninety feet at the starting point at
the south was caused by the fact that another highway,
known as Bothel way, running in a northwest direc-
tion, crossed the tract at that point.   But we cannot
think that this fact justifies the arbitrary lines drawn
by the city and the court.   In our opinion, a line fol-
lowing the westerly margin of Bothel way from this
point to a point 100 feet distant from the east margin
of the improved street, and from thence north parallel-
ing the improved way to the north boundary of the
tract, would more nearly correspondent with the outer
margin of the district as defined by the statute.

The tract of Stone & Easter, Incorporated, lying to
the west of the improved highway, is in the form of a
parallelogram.   The lands are platted both to the
north and south of it.   The blocks on the north are
600 feet in width, while those on the south are 220 feet.
On the north, the lands abut upon the platted property,
no street or other passageway intervening.   On the
south, there is an intervening street between the
boundary of the land and the platted property 60 feet
in width.   The city assessed the property for a dis-
tance back from the marginal line of the improved
street of 300 feet, the center line of the blocks upon
that end.   The trial court, basing its finding on the
opinion of certain real estate dealers to that effect,

found that the property was not benefited by the improvement for a distance back from the margin of the improved street greater than 120 feet, and limited the assessed area to that distance.

Noticing first the ruling of the trial court, we can find in the record no justification for its conclusion. This court has uniformly held that, where the legislative authority has committed the ascertainment of the district benefited by an improvement to commissioners, the conclusions of the commissioners as to the proper boundaries of the district will not be set aside by the courts in the absence of a showing that they have acted arbitrarily or fraudulently, or have proceeded upon a fundamentally wrong basis in fixing the boundaries. *Spokane v. Miles,* 72 Wash. 571, 131 Pac. 206; *Viegle v. Spokane,* 78 Wash. 359, 139 Pac. 33.

In the first of these cases we said:

"Assessment districts must have a point of beginning and a point of termination. The fixing of these extremes often presents many perplexing questions upon which there would be a never ending variety of opinion. It is, therefore, of the first importance that some definite rule be laid down for the guidance of trial courts. The best rule has been announced, and the only practicable working rule, is that the courts should not change the district established by the commissioners, except where the commissioners have acted arbitrarily or fraudulently or have proceeded upon a fundamentally wrong basis. *Spokane v. Kraft,* 67 Wash, 245, 121 Pac. 830; *In re Seattle,* 50 Wash. 402, 97 Pac. 444; *In re Jackson Street,* 62 Wash. 432, 113 Pac. 1112; *In re Seattle,* 46 Wash. 63, 89 Pac. 156; *In re Harvard Avenue North,* 47 Wash. 535, 92 Pac. 410."

Where the district is established directly by the legislative authority, there is no reason for setting it aside on a showing of less purport. Indeed, as we

pointed out in the cases of *In re Twelfth Avenue*, 66 Wash. 97, 119 Pac. 5, and *In re Eighth Avenue Northwest*, 77 Wash. 570, 138 Pac. 10, there is eminent authority holding that the action of the legislative body in fixing the boundaries of an assessment district is not a subject for review by the courts. But conceding that its action may be so reviewed, we find nothing in the evidence as to the extent of the property benefited, other than a mere difference of opinion between the experts testifying on the part of the contestants and the experts on the part of the city. There is nothing of an arbitrary or fraudulent conduct, and nothing to indicate that the basis upon which the district was established is fundamentally wrong. Furthermore, on the mere question of the weight of the evidence, it preponderates, in our opinion, with the city. The benefits in all such cases arise from the improved means of access to the property, and it would seem impossible in the ordinary situation to draw a hard and fast line and say that the benefits extended to that line and no farther. There can be instances, of course, where there are intervening natural barriers preventing access to the way, and instances where there is in existence an equally improved way accessible to the property, thus rendering the improvement of no, or of but little, benefit to the property, but nothing of the sort existed here. Again, there was on the side of the city expert testimony of equal weight at least to that in favor of the contestants, and, in addition, there was the weight of the opinion of the city's expert who made the assessment.

Passing to the assessment as fixed by the city, we are of the opinion that property was assessed which was not within the boundaries of the assessment district. The city seems to have concluded that, because

the unplatted property abutted directly upon the blocks to the north, that block was more "immediately adjacent" to it than were the blocks to the south which were separated from the property by an intervening street, and that it alone was the controlling influence. But, while we realize that the instant case presents a situation seemingly not in the contemplation of the legislature when enacting the statute, and realize that any rule must of necessity be more or less arbitrary, we think that the intervening street should be ignored and the block on the south held to be equally "immediately adjacent" with that on the north. Since, therefore, the blocks are equally controlling as to the extent of the assessment district, the only rational division of the unplatted property is to say that the one-half width of the block on the north determines the width of the district on the unplatted tract for a distance south to the center of the tract, and that for the remainder of the way it is determined by the one-half width of the block to the south. This results in an elimination from the district, as determined by the city, of all that part of the south half of the unplatted tract lying west of a line drawn parallel with the west margin of the improved way and 110 feet distant therefrom.

These considerations lead to the conclusion that the sums properly assessable against the several properties are somewhat less than the amounts as fixed by the city, but somewhat greater than the amounts to which they were reduced by the trial court. As the determination of the correct amounts involves a complicated mathematical problem, we shall not attempt its solution here, but will remand the determination of the matter to the trial court with leave to employ such expert help as the judge thereof may desire.

The judgment is reversed, and the cause remanded' with instructions to modify the assessment in accordance with the views herein indicated.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.