[No. 20917. *En Banc.* August 15, 1928.]

ALICE E. MEGARY, *Appellant,* v. TOWN OF WOODLAND,
*Respondent.*[1]

[1] MUNICIPAL CORPORATIONS (225)—PUBLIC IMPROVEMENTS—ASSESS-
MENT DISTRICTS—PROPERTY ADJACENT. Under Rem. Comp. Stat.,
§ 9365, requiring unplatted property to be assessed back from
the marginal lines of the improvement the same distance which
adjacent platted property is assessed, where a tract of un-
platted property is adjacent to platted property to the north
which is assessed back 100 feet from the east marginal line of
the street, and the adjacent property to the south is not as-
sessed back from the east margin of such street but is assessed
back from another street on the south, the whole of the un-
platted property should be assessed back 100 feet; and it is
error to assess the south half of the property back 250 feet, the
same distance as property to the south is assessed back from
the other street.

[2] SAME (270)—PUBLIC IMPROVEMENTS—REASSESSMENTS—INVALID-
ITY OF ASSESSMENT. Rem. Comp. Stat., § 9390, authorizes a re-
assessment for municipal improvements where the first assess-
ment was invalid through failure to define the boundaries of
the assessment district and for fatal defects in the description
of the property.

Cross-appeals from a judgment of the superior court
for Cowlitz county, Hewen, J., entered March 30, 1927,
on reducing an assessment for a local improvement,
upon the owner's appeal from the order of the city
council confirming the assessment. Reversed on the
owner's appeal.

*A. H. Imus,* for appellant.

*J. E. Stone,* for respondent.

MAIN, J.—The superior court entered a judgment
modifying a local improvement assessment roll from
which both parties have appealed.

¹Reported in 269 Pac. 829.

Woodland is a town of the fourth class, located in Cowlitz county, and will be referred to as the respondent. Mrs. Alice E. Megary, who will be referred to as the appellant, owns a farm consisting of approximately eight acres, located in the residence section of the town of Woodland and not far removed from the business center thereof. May 26, 1919, the council of the town passed an ordinance providing for the improvement of certain streets by grading and hard surfacing. Two of these were First street and Bozarth avenue. The appellant's eight acre farm lies to the east of First street and abuts thereon. The property to the north is platted, as is also the property to the south.

The improvement was made, and thereafter an assessment roll was prepared, upon which the property now owned by the appellant was listed as tract 4, Woodland Out-Lots, which was in no sense a legal description. The then owner of the property objected to the assessment, but it was approved by the council. The assessment was not paid and the property, in time, was acquired by the appellant. September 15, 1925, the town council ordered a reassessment. In the prior assessment, the boundary line of the assessment district across the appellant's property was not designated. It was simply assessed as above stated. In pursuance of the ordinance providing for a reassessment, the east boundary line of the assessment district, as it crossed the appellant's property, was designated and the property within the district was assessed. The appellant objected to the assessment roll, and after confirmation by the town council, appealed to the superior court. There a trial was had which resulted in a judgment reducing the assessment.

The appellant here makes two general objections. One is as to the boundaries of the district as it crosses

her property, and the other as to the amount of the assessment. The respondent seeks to sustain the assessment as it appeared upon the roll prior to modification by the superior court. The controlling question upon this appeal is the east boundary line of the district as it crosses the appellant's property. The view we take upon this question renders it unnecessary to consider the question of benefits, as the case must go back for further proceedings.

The platted property to the north of the appellant's farm was assessed back from the east marginal line of the improved street a distance of one hundred feet. The appellant's property from the center to the north was assessed back from the east marginal line of the street improved for a distance of one hundred feet. From the center of the appellant's property to the south, the east boundary line of the improvement district was two hundred and fifty feet from the east marginal line of the street improved upon which it abutted. The ordinance providing for the improvement did not fix the boundaries, but specified that they should be "as provided by law."

Section 9365, Rem. Comp. Stat., in part provides that, when the boundaries of a local improvement district are not fixed by the ordinance and except in cases not here material, such district shall include

" . . . all the property between the termini of said improvement abutting upon, adjacent, vicinal or proximate to the street, avenue, lane, alley, boulevard, park drive, parkway, public place or square proposed to be improved to a distance back from the marginal lines thereof to the center line of the blocks facing or abutting thereon; Provided, that in any case such distance back shall be at least ninety (90) feet: And provided, further, that in case of unplatted property, the distance back shall be the same distance as that included in the assessment of the platted lands immediately adjacent thereto."

By this section, it is provided that platted property shall be assessed to a "distance back" from the marginal lines to the center line of the blocks facing or abutting upon the improvement, and unplatted property shall be assessed the same "distance back" as is the platted property immediately adjacent thereto. In the case now before us, the east marginal line of the improvement district from the center of the appellant's property to the north coincides with the requirement of the statute because the platted property to the north to which it is adjacent is assessed back to the center of the block a distance of one hundred feet.

To the south of the appellant's property, is a platted block consisting of one row of lots and abutting upon Bozarth avenue to the south. This is a long block extending east and west and approximately one hundred feet in width. This block was assessed from Bozarth avenue. It was not assessed back from First street, which was to the west. Consequently, that block does not furnish the basis for running the east marginal line of the district from the center of the appellant's property to the south. As already indicated, the unplatted lands are assessed the same distance back that platted lands are assessed back from the improvement. The block to the south is adjacent to the appellant's property but it lacks the other essential requirement of the statute of having been assessed back from First street. It follows that the east line of the improvement district through the south half of the appellant's property should be moved west one hundred and fifty feet which would make it one hundred feet from the east marginal line of First street and this line would coincide with the line of the district to the north.

The case of *In re Tenth Avenue Northeast,* 125 Wash. 503, 217 Pac. 28, much relied upon by the re-

spondent as sustaining the boundaries of the district as made, is essentially different in one particular. There the unplatted property had platted property adjacent on the north and platted property adjacent on the south, both of which were assessed back from the improvement. In the present case, as already stated, the platted property at the south was not assessed back from First Avenue, the street from which the appellant's property was assessed. Applying the rule of that case to the facts of the present case, the only platted property adjacent to the appellant's unplatted property immediately adjacent thereto is the platted property to the north and this furnishes the basis for fixing the east marginal line of the district as it crosses the appellant's property.

Since the judgment must be reversed because of the error in the district boundary, and further proceedings must be had, it is unnecessary at this time to discuss the question of benefits.

[2] The appellant makes some objection to the right to reassess, but this is a matter covered by Rem. Comp Stat., § 9390, which expressly provides for reassessment. The original assessment was bad for two reasons. First, the boundary of the district across the eight acre tract was not defined and the description of the property as it appeared upon the assessment roll was fatally defective.

The judgment will be reversed and the cause remanded for further proceedings. The appellant is entitled to costs in this court.

FULLERTON, C. J., MITCHELL, TOLMAN, ASKREN, PARKER, FRENCH, and BEALS, JJ., concur.

HOLCOMB, J., concurs in the result.